# Reynolds *v.* Philadelphia, Appellant.

*Negligence—Municipality—Defective street—Contributory negligence—Case for jury.*

In an action against a city to recover damages for personal injuries, it appeared that the plaintiff while walking at night on a street stepped into a hole or depression, apparently a cover of a water box which had sunk several inches, and was an obstruction in the line of travel. Plaintiff was not clear as to the cause of her fall, but said: "My foot went in and I fell." Her companions inspected the spot immediately and were more explicit in their description. As to whether she was looking she said that she was just looking the way she walked. *Held,* that the question of defendant's negligence and plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 13, 1908. Appeal, No. 230, Jan. T., 1907, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1905, No. 4,898, on verdict for plaintiff in case of David R. Reynolds and Blanche S. Reynolds v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The opinion of the Supreme Court states the case.

Verdict for David R. Reynolds for $500 and for Blanche F. Reynolds for $2,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frederick Beyer*, with him *Robert Brannan*, assistant city solicitor, and *J. Howard Gendell*, city solicitor, for appellants.

*Henry J. Scott*, for appellees.

PER CURIAM, April 27, 1908 :

The plaintiff, walking at night along Diamond street, stepped into a hole or depression, apparently the cover of a water box which had sunk several inches and was an obstruction in the line of travel.   The plaintiff herself was not very clear as to the cause of her fall, but she said " My foot went in and I fell," but her companions examined the spot immediately and were more explicit.

On the question of her own negligence she was also far from clear, but among other answers she said she was just looking the way she walked.   On both points it was a case for the jury.

Judgment affirmed.